FILED
MAR 3 0 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charmane Smith, )
)
    Plaintiff, )
)
v. ) Civil Action No. **11 0643**
)
)
United States of America, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from an immune defendant.

Plaintiff is a resident of Memphis, Tennessee, suing the United States and the U.S. District Court for the Western District of Tennessee for alleged constitutional and civil rights violations, "personal injury," and breach of contract. Compl. at 2. She seeks $3 billion in monetary damages. *Id.* at 8. Plaintiff claims that defendants "conspired to impede, delay, hinder, sabotage, invalidate, frustrate, weaken, & obstruct lawsuit claims [she] filed[,]" apparently by dismissing cases in which she provided assistance to federal inmates. *See* Compl. at 3-5. Plaintiff also claims that defendants "illegally, unlawfully, & unconstitutionally seized [her] vehicle, impounded it, & sold it, under false pretense and with unlawful intimidation . . . ." *Id.* at 3.

Plaintiff's claim against the Western District of Tennessee based on the dismissal of cases and her breach of contract claim lack "arguable bas[es] in law and fact," and, thus, are subject to dismissal as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Furthermore, judges are absolutely immune from lawsuits predicated, as here, on their official acts. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).

As for the conversion claim based on the alleged seizure and sale of plaintiff's vehicle, a claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted her administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not indicated that she exhausted her administrative remedies under the FTCA. Therefore, the Court will dismiss the complaint in its entirety. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: March 25, 2011